WR-82,704-01,02,03,04
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/2/2015 12:51:37 PM
Accepted 2/2/2015 1:02:08 PM
ABEL ACOSTA
CLERK

CAUSE NO. 1343743-A
CCA NO.   WR-82,704-01; 02;03;04

RECEIVED
COURT OF CRIMINAL APPEALS
2/2/2015
ABEL ACOSTA, CLERK

| | | |
|---|---|---|
| EX PARTE | § | IN THE DISTRICT COURT |
| | § | |
| | § | 178TH |
| | § | |
| GARY PALMER | § | OF HARRIS COUNTY, TEXAS |
| APPLICANT | | |

## MEMORANDUM OF LAW IN SUPORT OF APPELLATE RELIEF

APPELLANT, through counsel of record, CHARLES A. BANKER,III, submits this memorandum of law in support of appellate relief based upon the adverse order denying him a Writ of Habeas Corpus entered by the District Court. The following facts detail errors of law with respect to that order.

## FACTS IN SUPPORT:

1. On April, 12 2012, Appellant was charged with four separate counts involving child pornography.

2. On May 20, 2013 Appellant entered a plea to guilty and was sentenced.

3. On May 20, 2013 Appellant was sentenced by the District to serve a 12 year sentence to the Texas Department of Criminal Justice, all counts running concurrent.

4. On May 19, 2014, Appellant filed a timely Application or a Writ of Habeas Corpus.

5. On November 24, 2014, the state filed its "Respondent's Proposed Findings of Facts, Conclusions of Law Order"

6. On December 1, 2014, the District Court signed the State's Proposed Order denying all grounds for relief.

7. Appellant filed a Memorandum of Law fully briefing the Constitutional error that occurred when trial counsel, Mrs. Juanita Jackson, refused to file a timely "Notice of Appeal"

8. Trial counsel admitted that she refused to file a "Notice of Appeal" after both the Appellant and Appellant's mother informed her that an appeal was requested.

9. Trial counsel attached an e-mail wherein trial counsel clearly knew "Marc feels he has solid grounds for appeal" requesting a Notice of Appeal to be filed.

1

10. Trial Counsel attached an e-mail wherein trial Counsel states "A direct appeal is not possible when a Defendant pleas guilty. Although it can be filed (See Appx p. 10)

11. The same e-mail states "Since a direct appeal is not possible with a guilty plea"

12. The District Court failed to consider attorney Jackson's admitted refusal to file a Notice of Appeal when denying Appellant relief on this issue.

13. Trial Counsel refused to act on this request or take any action to seek a district court proceeding of either "Withdraw" the plea or file a "Motion for a New Trial".

14. Trial Counsel completely abandoned the Appellant at this critical stage of the criminal proceedings.

15. Trial counsel's affidavit states that she abandoned [her] client and took no action to assist Appellant.

16. Trial Counsel attached an e-mail to her affidavit which admits the Texas Code of Criminal Proceedure allows for a defendant to seek a withdrawal of a guilty plea and/or file a motion for a new trial (See Appx p. 10)

17. The District Court failed to consider trial counsel's admitted abandonment of Appellant at this critical stage of the proceedings when denying Appellant relief on this issue requiring reversal and remand.

18. Appellant and trial counsel prepared to proceed to trial for twelve months.

19. Shortly, before the change of plea, trial counsel informed Appellant that the state had filed a "Motion to Stack" sentences.

20. Trial counsel advised Appellant that he was now facing a mandatory 100 year sentence, if Appellant exercised his right to trial by jury.

21. Disputed issue(s) of material fact existed in the District Court record as to what trial counsel actually told the appellant.

22. Appellant's submissions and the State's submissions conflicted as to whether there was a "possibility" of "stacking" or if the "stacking" was a true fact.

23. Attorney Jackson's affidavit admits a "Motion of Intent to Consolodate and Commulate" was actually filed with discovery/pretrial motions.

24. Attorney Jackson attached an e-mail admitting that the state "had filed" the motion (See Appx p.9).

2

25. A disputed issue of fact existed to whether plaintiff had "30 minutes" or "several hours" to plea.

26. The District Court committed a clear error and abused its' discretion when it failed to conduct evidentiary hearing to resolve this credibility question, resulting in a substantive due process error requiring reversal and remand.

27. But for trial counsel misleading Appellant about the State's Motion to Stack, Appellant would not have been coerced or intimidated to abandon his right for trial by jury.

28. The trial court clearly erred when adopting the state's erroneous findings of fact to deny Appellant's relief on this issue, resulting in a prejudicial Constitutional deprivation requiring reversal and remand.

29. The order failed to enter a "conclusion of law" addressing counsel's failure to file a notice of appeal.

30. The state's pleadings were replete with numerous errors in applying Federal vs. Supreme Court law to these erroneous facts.

**ISSUE I.** Trial Counsel abdicated her non-discretionary mandatory duty to file a "Notice to Appeal", resulting in prejudicial error in violation of his Constitutional rights.

**ARGUMENT IN SUPPORT OF ISSUE I.** Appellant argues this Court should overturn the District Court's decision to deny habeas relief regarding the refusal of trial counsel to file a notice of appeal. The underlying facts are clear, undisputed, and supported in the habeas submissions. The Court need not look past the state's own "Proposed Findings of Fact-Order" to find grounds to reverse the adverse judgment.

Both Appellant and the State's facts concur and do not contradict each other's position. Trial counsel knew her client demanded a notice of appeal be filed, yet she refused. The U.S. Supreme Court has condemned this behavior as presumed prejudiced, requiring a reversal. **Roe v. Ortega-Flores 528 U.S. 470 (2000)** Trial counsel no longer had any discretion to avoid the mandatory duty to ensure a notice of appeal was filed. (See Appx pp 1-8)

The **Ortega** decision facts are no different than Appellant's. If counsel's deficient performance led to the forfeiture of his appeal, prejudice must be presumed. The U.S. Supreme Court pointed out two scenarios where this presumed prejudice is triggered. The second scenario applies to the appellant. " (2) that this particular defendant reasonably demonstrated to counsel he was interested in appealing" (**Ortega** p. 471) Most importantly, a direct appeal was

3

Appellant's last chance to contest the reliability of the criminal proceeding due to counsel also refusing to act on Appellant's demand to withdraw the plea (See Issue II). Clearly, but for counsel's deficient performance, Appellant's right to appeal would not have been forfeited.

In **Ex parte Moore, No AP-75459, 2006 WL 1687565** (Tex. Crim. App. 2001) this court affirmed that mandatory duty by stating "Appointed counsel is obligated to file a notice of appeal where counsel was aware that the defendant wished to appeal". See also, Tex. Code of Crim. Proc. Arn, art. 26.04 (j) (2). Appellant draws this Courts attention to the excerpts of the record detailing trial counsel's admitted violation of appellant's constitutional rights.

In attached e-mail traffic, trial counsel made the following declarations:

1. "A direct appeal is not possible when a defendant pleas guilty. Although it can be filed"
2. "….it would automatically dismissed by the Court of Appeals"
3. "So, ultimately that is a waste of time"
4. "A direct appeal is not possible with a plea case"
5. "I suggest you consult with an appellant attorney" (See Appx p 10).

Although the state detailed these undisputed factual findings, it omitted to offer any "conclusions of law" with respects to this issue. Nowhere within the signed order dismissing habeas relief are any applications of federal, state, or constitutional law to these facts. This is an error by the District Court for "failing to adjudicate the claim or its merits" [see 28 USC 2254 (d)]. Clearly, the District Court erred when it denied appellant's habeas claim seeking to have his right to file a timely notice of appeal.

**ISSUE II.** Trial counsel abandoned Appellant at a critical stage of the District Court proceedings when she refused to follow the well-established procedure to set aside a guilty plea, requiring a reversal and remand.

**ARGUMENT IN SUPPORT OF ISSUE II.** Trial counsel admitted that she knew the Texas Code of Criminal Procedure has set forth affirmative actions that an attorney may seek to withdraw an improvidently entered guilty plea. Trial counsel's e-mail admits that either a Motion for a New Trial or Motion to Withdraw Guilty Plea are allowed. Yet, she refused to provide appellant any assistance at this critical state of the criminal proceeding. In **U.S. v. Chronic 466 US 648 (1984)** the U.S. Supreme Court established that an abandonment of counsel during a critical stage of the criminal proceedings constitutes a per se prejudicial error, not subject to Strickland's two-prong test for harm.

4

The Texas Rule of Appellant Procedure Rule 21 sets up a defense for an improvident plea to be withdrawn. In **U.S. v. Ash 413 US 300, 3009 (1973)** The Court states "If no actual assistance for the accused's defense is provided, then the Constitutional guarantee has been violated". If counsel is denied at a critical stage, no specific showing of prejudice is required. **Davis v Alaska 415 US 308 (1974).**

The Court has uniformly found constitutional error without any showing of prejudice when counsel was either totally absent or prevented from assisting the accused during a critical stage of the proceeding. **See, e.g., Geders v. United States,425 U. S. 80 (1976); Herring v. New York,422 U. S. 853 (1975); Brooks v. Tennessee,406 U. S. 605, 406 U. S. 612-613 (1972); Hamilton v. Alabama,368 U. S. 52, 368 U. S. 55 (1961); White v. Maryland,373 U. S. 59, 373 U. S. 60 (1963) (per curiam); Ferguson v. Georgia,365 U. S. 570 (1961); Williams v. Kaiser,323 U. S. 471, 323 U. S. 475-476 (1945).**

Specifically, trial counsel states "A Motion for New Trial could have been filed within 30 days, but they are very, very, rarely granted" (See Appx p 10). This is not a case where counsel simply did not know she could assist her client. Trial counsel outright abandoned appellant during this critical "30 day" procedural window of time to restore his right to a trial by jury. Therefore, reversal and remand are now required to correct this Constitutional error.

**ISSUE III.** The District Count abused its' discretion and committed a clear error by failing to hold an evidentiary hearing to resolve the credibility issue regarding the state filing a motion to "Stack" sentences, resulting in a substantive due process violation requiring reversal and remand.

**ARGUMENT IN SUPPORT OF ISSUE III.** Appellant argues that the District Court abused its' discretion and clearly erred when it denied the appellant's Habeas Writ without conducting an evidentiary hearing. The final order erroneously states "there are no controverted, previously unresolved facts...which require an evidentiary hearing". Then it stated "the trial court finds the affidavit of Juanita Jackson.is credible, and the facts asserted, therein are true and correct" (See Appx p 6).

Appellant draws this Court's attention to the following controverted material fact issues which were present and remained unsolved:

1. Whether trial counsel told Appellant that the Motion to "Stack" was actually "filed" or a mere "possibility" it might be filed at a later date;
2. Whether Appellant had "30 minutes" to accept the plea offer or "several hours";
3. Whether Appellant had been sleep deprived in solidatory confinement the night before the hearing without knowing the hearing was the next day;

All of the above mentioned facts, were material to adequatly resolve the issue of coercion, intimidation or improvident plea. Trial counsel admitted that Appellant quickly sought to withdraw the plea, sustaining a claim of mental anguish at the hearing. Appellant's habeas counsel properly preserved this issue in the "prayer for relief" by requesting the District Court "grant a full and fair evidentiary hearing" (See Appx p 8). A failure to decide credibility issues of contested material facts without a hearing is an abuse of discretion and clear error.

The requirement for an evidentiary hearing was ordered in the case of **Graves v Dretke 351 F. 3rd 159 (5th Cir.) 2003.** The Fifth Circuit Court of Appeals remanded the case for the state District Court to hold an evidentiary hearing after they initially did not. See **Morris v. Thayer 425 Fed Appx.415 (5th Cir. 20011)** (A hearing is necessary not to evaluate the state courts' decision, but to determine if the defendant's allegations are true). Therefore, the District Court misapplied the law, resolved contested issues of material fact and credibility in the state's favor, requiring reversal and remand.

**ISSUE IV.** Trial Counsel intentionally mislead the Appellant regarding the state's alleged filing of a Motion to "Stack" sentences to intimidate, coerce, threaten, and frighten Appellant to abandoned his constitutional right to trial by jury resulting in a prejudicial constitutional, error, requiring reversal and remand.

**ARGUMENT IN SUPPORT OF ISSUE IV.** Appellant argues the District Court clearly erred when it determined that Appellant's right to proceed with a jury was not compromised. A series of events were made clear in the habeas record and established that attorney Jackson exercised undue influence over her client by falsely telling the appellant a motion to "stack" the sentences had been filed.

Other objective evidence entails the admission of attorney Jackson that Appellant immediately began requesting her to file the necessary motions to withdraw the plea. Habeas counsel properly supported this issue by citing and explaining the body of law relative to the differing tactics that a defendant's will could be overcome. Critical, is the fact that Appellant was

6

given this false information several weeks before the guilty plea was entered, and Appellant refused to plea upon notice of the "stack" motion. Yet he pled guilty after a horrendous sleepless night in solitary confinement. The presumption that trial counsel did not overcome his will to proceed to trial is rebutted, since Appellant quickly came to his senses and requested the improvident plea be withdrawn.

The decision to plead guilty is the personal decision of the accused. **Toupal v. State, 926 S.W.2d 606** (Tex. App.-Texarkana 1996, no pet.) The duty of counsel when a plea of guilty is entered is to ascertain whether the plea is being entered knowing and voluntary. *Id.* The accused's decision whether to plead guilty must be a fully informed one. **Wilson, 724 S.W.2d 72; Hanzelka v. State 682 S.W.2d 385** (Tex. App.-Austin 1984, no pet.) Accordingly, the defendant must act with full awareness of the alternatives; thus, defense counsel has a duty to communicate fully the substance of the plea discussions. **Wilson, 724 S.W.2d 72; Hanzelka, 682 S.W.2d 385.** The defendant must be informed of all relevant considerations. **Wilson, 724 SW2d 72; Hanzelka, 682 S.W.2d 385.** Appellant's rights to appeal should be restored.

**ISSUE V.** The District Court's order failed to adjudicate Appellant's denial of his right to appeal on the merits when it did not enter any "conclusions of law" supporting its denial of relief regarding Appellant's right to appeal.

**ARGUMENT IN SUPPORT OF ISSUE V.** It is well established that a state prisoner is procedurally barred from seeking federal post-conviction review of any issue that is not fully and fairly adjudicated on the merits, or when the state Court decision involved an unreasonably application of clearly established federal law as determined by the U.S. Supreme Court. See 28 US§2254 (d) (1) Adjudicate on the merit means entering conclusions of the law with respect to the underlying facts.

In **Valdez v. Cockrell, 274 F 3d. 941 (5th Cir. 2001)** the standard of review was that "In a federal habeas corpus appeal, we review the District Court's findings of fact for clear error and it conclusions of law de novo". A claim must receive an adjudication on the merits before a reasonable Federal review can be done. Appellant does not object to the factual findings made in the December 1, 2014 Order, but objects to the the fact that the District Court did not apply any law which would support a denial of relief. See **Jones vs. Jones 163 F 3rd 285, (5th Cir). 1998.** Because these claims were not adjudicated on the merits in state court, a prerequisite for the

7

applicability of 28 U.S.C. Sec 2254 (d) the heightened standard of review provided by the ADEPA does not apply.

Both parties agree to the factual findings but habeas counsel was the only party to offer law supporting relief (See Issue I, Supra). Appellant suggests, the omission of any "conclusions of law" to this specific issue is highly prejudicial to any federal review. It is Appellant's position that no case law exists to support trial counsel's deficient refusal to file a notice of appeal was not prejudicial. Reversal for further proceedings is now required for the District Court to properly amend its' order with conclusions of law.

Respectfully Submitted,

Charles A. Banker, III
State Bar No. 01676780
cabatlaw@sbcglobal.net
405 Main Street, Suite 910
Houston, Texas 77002
Tel (713) 227-4100
Fax (713) 222-2468
Attorney for Appellant

## CERTIFICATE OF SERVICE

As Attorney of Record for Applicant, on the 27th day of January, 2015 I do hereby certify that a true and correct copy of the above and foregoing motion was provided to the office of the Assistant District Attorney assigned to handle this case.

_____s/Charles A. Banker, III_

Charles A. Banker, III

# APPENDIX

Excerpts of Record                                          PAGE

1.  Habeas Memorandum of Law                                1-5

2.  December 1, 2014 Order                                  6-8

3.  Attorney Jackson's Affidavit; Ex "D"                    9

4.  Attorney Jackson's Affidavit; Ex "G"                    10

5.  December 2, 2014 Clerk Letter                           11

CAUSE NO. _____

RECEIVED IN
POST TRIAL
DISTRICT CLERK OFFICE
Time: MAY 19 2014
By _____ 10:30
Harris County, Texas
Deputy

District Attorney's Office

RECEIVED
MAY 19 2014

EX PARTE GARY MARCUS
PALMER,

        :

        :

APPLICANT

        :

        :

IN THE 178TH DISTRICT
COURT

HARRIS COUNTY, TEXAS

---

## MEMORANDUM IN SUPPORT OF APPLICATION FOR POSTCONVICTION WRIT OF HABEAS CORPUS

---

TO THE HONORABLE JUDGE OF SAID COURT:

Applicant Gary Marcus Palmer, by and through his attorney herein, Charles A. Banker III, files this Memorandum in Support of Applicant's Application for Postconviction Writ of Habeas Corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure and Rule 73.1(c) of the Texas Rules of Appellate Procedure and, in support thereof, would show the Court the following:

### I. SUMMARY OF APPLICANT'S CLAIMS

Applicant brings the following claims: The Applicant was denied effective assistance of counsel at his plea proceeding and hearing, which rendered his guilty plea involuntary.

### II. PROCEDURAL POSTURE OF CASE

Palmer is being illegally confined in the Texas Department of Criminal Justice pursuant to a nondeath penalty felony conviction of possession of child pornography, in case number 134374601010, in the 178th District Court, Harris County, Texas. Palmer pleaded

1

(Tex. App.—Houston [14th Dist.] Nov. 20, 2003, no pet.) (not designated for publication) (same).

Palmer's guilty plea was also based on counsel's erroneous assertion that the prosecutor had filed motions to "stack" sentences. While such motions may have been prepared, they had not been filed at the time the plea was entered. This misinformation added to the coercive atmosphere Palmer was placed in when he was forced to accept or reject the plea offer.

Furthermore, the day after accepting the plea, Palmer notified his attorney that he had made a mistake and wanted to withdraw his guilty plea and go to trial. Counsel, however, told Palmer he could not withdraw his guilty plea. The advice was erroneous. A trial court has discretion to allow a defendant to withdraw his guilty plea by motion to withdraw and for a new trial. *See Lawal v. State*, 368 S.W.3d 876 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *Coronado v. State*, 25 S.W.3d 806 (Tex. App.—Waco 2000, pet. ref'd); *Williams v. State*, 191 S.W.3d 242 (Tex. App.—Austin 2006, no pet.). Instead of filing an appropriate motion in this case, counsel did nothing, despite Palmer's express request to withdraw his guilty plea. Moreover, as discussed, Palmer had valid grounds that should have resulted in the grant of the withdrawal of the guilty plea. Thus, counsel's performance was deficient, and such deficiency prejudiced Palmer.

Counsel also failed to file an appeal despite Palmer's request that she do so. This also constituted ineffective assistance. *See United States v. Poindexter*, 492 F.3d 263 (4th Cir. 2007) (counsel provided ineffective assistance by disregarding defendant's instruction to file

10



a timely notice of appeal, even though defendant had executed a waiver of appeal as part of his guilty plea, and regardless of appeal's chance of success); *see also Roe v. Flores-Ortega*, 528 U.S. 470 (2000); *Rogers v. State*, 305 S.W.3d 164 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (trial counsel, retained or appointed, has the duty, obligation, and responsibility to consult with and fully advise his client of his right to appeal and the procedural requirements for appeal; appointed trial counsel remains as defendant's counsel for all purposes until she is expressly permitted to withdraw, even if appointment was for the trial only); *Ex parte Moore*, No. AP-75459, 2006 WL 1687565 (Tex. Crim. App. 2006) (not designated for publication) (appointed counsel obligated to file timely notice of appeal where counsel was aware that defendant wished to appeal and counsel was not relieved by trial court or replaced by other counsel); Tex. Code Crim. Proc. Ann. art. 26.04(j)(2).

In addition to the foregoing deficiencies, counsel also failed to adequately investigate in order to raise a venue defense or inform Palmer of the viability of such defense. Venue is a question of fact that the State must prove by a preponderance of the evidence. *See Torres v. State*, 141 S.W.3d 645 (Tex. App.—El Paso 2004, pet. ref'd); Tex. Code Crim. Proc. Ann. art. 13.17. Here, information learned by an investigator indicated that venue may have been proper in Montgomery County rather than in Harris County. Defense counsel, however, failed to raise the question of venue or inform Palmer that it could be raised.

It is widely recognized that the failure to raise and present properly the issue of venue may constitute ineffective assistance of counsel. In *Brown v. Butler*, 811 F.2d 938 (5th Cir. 1987), for example, the court embraced this principle, finding that a remand was necessary

11

for a finding of fact and holding that if it were shown that defense counsel did not raise the venue issue at trial, "this omission rendered counsel's performance below the objective standard of reasonableness." *Id.* at 942. In addition, the court concluded, where the facts showed that venue was improper, then trial counsel's performance resulted in prejudice to the defendant and he was entitled to have his convictions set aside. *Id.* Accordingly, the failure to raise the issue of venue constituted ineffective assistance.

All of the foregoing deficiencies of counsel prejudiced Palmer, and but for such deficiencies, he would not have pleaded guilty but would have insisted on going to trial. Palmer asserted his innocence and his desire to go to trial but was coerced to plead guilty as the result of counsel's ineffective assistance. Therefore, Palmer was denied effective assistance at the plea proceeding, and Palmer's conviction and sentence should be vacated and the matter remanded for trial, or, in the alternative, Palmer should be granted the right to appeal that he was denied due to counsel's ineffectiveness.

# PRAYER FOR RELIEF

Therefore, Applicant Palmer respectfully requests that the Court

1.     Issue a writ of habeas corpus vacating Palmer's unlawfully obtained conviction and sentence;

2.     Grant a full and fair evidentiary hearing on the claims raised in Palmer's application;

3.     Grant Palmer costs of court under article 11.50 of the Texas Code of Criminal Procedure; and

4.     Grant Palmer any other relief to which he is entitled.

Respectfully submitted,

Charles A. Banker III, Esquire
State Bar No. 61676780
405 Main Street, Suite 910
Houston, TX 77002
Telephone: (713) 227-4100
Facsimile: (713) 703-1181

Attorney for Applicant

Dated this _16th_ day of _May_ 2014.

5

CAUSE NO. 1343746-A

EX PARTE                        §        IN THE 178TH DISTRICT COURT

                                §        OF

GARY MARCUS PALMER,             §        HARRIS COUNTY, TEXAS
Applicant

## STATE'S PROPOSED FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

Having reviewed the application for writ of habeas corpus, the State's original answer, the affidavit of Ms. Juanita A. Jackson, and the official court records of the challenged conviction, the trial court finds that there are no controverted, previously unresolved facts material to the legality of the applicant's confinement which require an evidentiary hearing. The trial court adopts as Findings of Fact the history of the case as set forth in the State's answer, and further recommends that relief be denied based on the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1.    The applicant is confined pursuant to the judgment and sentence of the 178th District Court of Harris County, Texas, in cause number 1343746 (the primary case), where the applicant was convicted pursuant to a guilty plea to the felony offense of possession of child pornography.

FILED
Chris Daniel
District Clerk

NOV 24 2014

Time: _____
Harris County, Texas
By: _____ Deputy

6

77. As per Jackson's usual practice, while at the bench, Jackson discussed the applicant's medical diagnosis and his medications. Jackson asked the applicant whether he had been taking his medications, whether he felt well, and whether he understood everything that they discussed. The applicant assured Jackson and the trial court that he had been taking his medications, that he felt okay, and that he understood everything.

Regarding direct appeal:

78. Jackson thoroughly advised the applicant of his appellate rights.

79. Jackson advised the applicant that he could not appeal his convictions, and the applicant indicated that he understood. *See State's Writ Exhibit F, "Trial Court's Certification of Defendant's Right of Appeal,"* and *State's Writ Exhibit G, "Advice of Defendant's Right to Appeal."*

80. Jackson did not file a motion to withdraw the applicant's guilty plea.

81. Jackson and the applicant never specifically discussed a motion to withdraw the applicant's guilty plea, and she made it very clear to the applicant that she could not help with his appeal.

16

82. Jackson repeatedly advised the applicant to seek advice from an appellate attorney, that she is not one, and would not be able to assist him in his appeal process.

83. Jackson did not file a notice of appeal for the applicant.

84. Jackson, on several occasions within the thirty (30)-day period after the applicant was sentenced, advised the applicant of the deadline, explained that she is not an appellate attorney, and advised that he seek advice from one.

85. On May 28, 2014, Jackson received an email from the applicant's mother, inquiring about the possibility of an appeal. From that email, Jackson learned for the first time of the applicant's claim that he was sleep deprived on the day of the plea.

86. Jackson was out of the office and on vacation when she received the email from the applicant's mother. Nevertheless, she responded to the email, and advised them that she did not think the applicant had a good appellate claim because of the three (3) waivers he signed, but because Jackson is not an appellate attorney, she also advised in that email for the applicant to contact an appellate attorney to answer his appellate questions and to assistant him in the appeal process.

## Jackson, Juanita (Public Defender's Office)

| | |
|---|---|
| **From:** | Teresa <teresalovesminis@gmail.com> |
| **Sent:** | Wednesday, April 24, 2013 10:56 PM |
| **To:** | Jackson, Juanita (Public Defender's Office) |
| **Subject:** | Re: Trial Date |

Oh my goodness. I wasn't expecting this. Thank you for passing this information to me. I appreciate it so much

~Teresa

On Apr 24, 2013, at 1:02 PM, "Jackson, Juanita (Public Defender's Office)" <Juanita.Jackson@pdo.hctx.net> wrote:

Ms. Palmer,

Please let Gary know the DA and I met and approached the court today. As I predicted, we are going to trial on the Child Pornography charges. The range of punishment is 25 years- Life for each case. The DA has filed Motions seeking to stack the cases ( i.e. punishment to run consecutively NOT concurrently). Therefore, he is facing a minimum 100 (25 x 4) years. Our new trial date is July 8, 2013.

He is aware I will be in trial the next 2 weeks. In the meantime, other attorneys/psychologists from our office will be coming to see him to prepare for mitigation.

Thanks you for relaying this information.

*Juanita A. Jackson*

*Assistant Public Defender- Felony Trial Division*
Harris County Public Defender's Office
1201 Franklin, 13th Floor
Houston, TX 77002
Direct: (713) 274-6750
Main: (713) 368-0016
E-Fax: (713) 437-8753



EXHIBIT
D

9

1

**Jackson, Juanita (Public Defender's Office)**

| | |
|---|---|
| From: | Jackson, Juanita (Public Defender's Office) |
| Sent: | Tuesday, June 11, 2013 11:51 AM |
| To: | 'Teresa Palmer' |
| Subject: | Questions answered. |

Ms. Palmer,

I apologize for delay. Apparently I am having some issues with my work email when I read or reply to an email on my cell phone. The first email you sent has again disappeared. I think when I open and read and reply on my phone something happens. I do not have the exact first questions you asked but if I recall the gist was asking about his options to file an appeal. Motion for New Trial or Appeal.

First of all let me make it as clear as possible. A direct appeal is not possible when a defendant pleads guilty. Although it can be filed, because he signed several documents (3) stating he understood that he is not entitled to an appeal, it will automatically be dismissed by the Court of Appeals. So ultimately that is a waste of time. Second, A Motion for New Trial could have been filed within the 30 days but those are very, very rarely granted. I understand that after the fact, Marc felt that he was sleep deprived and not in his right mind. He never expressed that concern to me or the judge even when asked. He also looked and acted fine. Lastly, it is my understanding he can file an Writ of Habeas but since I am not an appellate attorney, I suggest he confer with one. Again, I must express that given the fact that he plead voluntarily and I advised him repeatedly for his right to trial, I am not certain what avenue he may have.

To specifically answer the 2nd questions posed:

1. Can a jurisdictional complaint be made through a habeas corpus or does it have to be made through direct appeal?
   *Answer: Since a direct appeal is not possible with a plea case, I will presume it must be made through a writ of habeas corpus. Since, I am not an appellate attorney, I suggest you consult with one.*

2. What does he need to do to get the evidence from you in regards to the person who pawned the computer?
   *Answer: The person that pawned the computer was Hilario Carranza. I will gladly make him a copy of his file and send it to him. Please be mindful that I cannot give him a copy of the police report. It is a confidential document ( property of the police department and the DA's office) and I signed a confidentiality agreement*

3. The last time Marc was arrested they confiscated a MICR printer valued at $1,000.00r. He was not arrested for any forgery crimes and the item was still in the box it was received in. The printer was not associated with any crimes. Is it possible to retrieve this?
   *Answer: It is very possible to have the printer returned. He would need to have an attorney file a Motion to Release Seized Property and get the ADA to agree then get the Judge to order it released.*

4. Both times he was arrested he had prepaid debit cards which had money on them. Is there any way that these can be returned to him?
   *Answer: The same as to the above question. Only difference I would imagine is that the ADA may not agree to the release of the debit cards given the fact that part of his forgery had to do with using the forged checks/ID to purchase debit cards and other items.*

EXHIBIT

10